IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AEROSPACE HOLDINGS, LLC, ) | |
| ) | District Court No. |
| Appellant, ) | 1:06CV00252 |
| ) | |
| v. ) | Bankruptcy Court No. |
| ) | B-05-51207C-7W |
| BANKRUPTCY ADMINISTRATOR, ) | |
| ) | |
| Appellee. ) | |

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

Appellant Aerospace Holdings, LLC ("Aerospace") originally filed a petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Middle District of North Carolina. The Bankruptcy Court converted the case to Chapter 7, and Aerospace appealed the conversion order to this court. This matter is before the court on Appellee's Motion to Dismiss Appeal on the grounds that Aerospace's appeal has become moot. For the reasons stated below, the court will grant the motion to dismiss.

I. FACTUAL BACKGROUND

Aerospace filed its petition for Chapter 11 Bankruptcy on April 21, 2005, listing as its primary asset real property located at 1423 North Church Street in Burlington, North Carolina (the "Real Property"). Thereafter, JAM of Haw River, LLC ("JAM"), a first-priority creditor with a perfected security interest in the Real Property, moved for relief from the stay

imposed under Chapter 11.  On February 13, 2006, the Bankruptcy Court ordered that Aerospace's case be converted to Chapter 7.  Aerospace filed a timely notice of appeal of the conversion order but did not move to stay the order pending appeal.

The Bankruptcy Court entered an order granting JAM's motion for relief from stay.  Aerospace neither filed a notice of appeal from the order nor requested a stay of the order pending appeal.  Subsequently, the Real Property was sold at a foreclosure sale, and the deed transferring the property to the high bidder, JAM, was recorded on May 31, 2006.  In response to sale of the property constituting Aerospace's primary asset for reorganization purposes, Appellee Bankruptcy Administrator filed a motion to dismiss the appeal.  Aerospace has filed no response.

**II. ANALYSIS**

Appellee seeks to dismiss Aerospace's appeal of the conversion order on the grounds that due to the sale of its only valuable asset, Aerospace's appeal is both constitutionally and equitably moot.  Constitutional mootness refers to the well-settled notion that "[w]hen there is no longer a case or controversy in the constitutional sense, an Article III court is without jurisdiction to adjudicate." Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc., 841 F.2d 92, 95 (4th Cir. 1988).  A federal court may not render 'opinions upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it.' Church of Scientology v. United States, 506

U.S. 9, 12, 113 S. Ct. 447, 449 (1992) (quoting Mills v. Green, 159 U.S. 651, 653, 16 S. Ct. 132, 133 (1895)).  Therefore, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed."  Id. (quoting Mills, 159 U.S. at 653, 16 S. Ct. at 133).

Under the pragmatic doctrine of equitable mootness, an appeal may be dismissed when "with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable."  Mac Panel Co. v. Va. Panel Corp., 283 F.3d 622, 625 (4th Cir. 2002).  Equitable mootness is most often applied in bankruptcy cases, and the doctrine is particularly applicable 'when a party, seeking a return to the status quo ante, sits idly by and permits intervening events to extinguish old rights and create new ones.'  Id. (quoting Cent. States, 841 F.2d at 93). The Fourth Circuit has indicated that the determination of whether to dismiss on equitable mootness grounds is a totality of the circumstances test, with factors to consider including

> (1) whether the appellant sought and obtained a stay;
> (2) whether the reorganization plan or other equitable relief ordered has been substantially consummated; (3) the extent to which the relief requested on appeal would affect the success of the reorganization plan or other equitable relief granted; and (4) the extent to which the relief requested on appeal would affect the interests of third parties.

Id.

On appeal, Aerospace seeks a reversal of the Bankruptcy Court's conversion order so it can continue to reorganize under

3

Chapter 11. However, Appellee argues that because Aerospace's primary asset has been sold at foreclosure, returning the case to Chapter 11 status would be futile, thus making the appeal constitutionally moot. It is undisputed that Aerospace was formed specifically to acquire the Real Property and that the Real Property was Aerospace's only valuable asset.[1] Therefore, if the case were to be returned to Chapter 11, Aerospace neither could have its Second Amended Plan of Reorganization confirmed nor could it propose another feasible plan. First, the Second Amended Plan of Reorganization is no longer workable because it involves paying creditors primarily out of rental proceeds of the Real Property, and Aerospace no longer owns that property due to the foreclosure sale. For the same reason, Aerospace also cannot create another reorganization plan involving the Real Property. Finally, Aerospace cannot propose a reorganization or liquidation plan that involves the sale of other assets or an equity infusion because it owns no other valuable assets. Therefore, by converting the case to Chapter 11 on appeal, this court could not grant effective relief to Aerospace, and thus the appeal is constitutionally moot.

---

[1] Bankr. R. on Appeal, Part 4(8), Second Am. Disclosure Stmt., Docket No. 171, at 8 ("The Debtor was formed . . . to acquire and own [the Real Property] as its only asset."); Appellant's Br. at 1 (noting that Aerospace's "assets consist of a commercial building at 1423 N. Church Street, Burlington, North Carolina"). The only other asset Aerospace listed in its original schedules was a note receivable in the amount of $7000 from Odell Schoffner, a former lessee of the Real Property. Bankr. R. on Appeal, Part 2(6), Summary of Schedules, Docket No. 28, at 1.

Appellee also argues that considering the totality of the circumstances and in light of the factors the Fourth Circuit articulated in Mac Panel Co., this court should dismiss Aerospace's appeal on equitable mootness grounds.  Aerospace did not seek a stay of the conversion order pending appeal, a factor weighing in favor of dismissal.  As a result, the case was converted to Chapter 7, and the Bankruptcy Court granted JAM relief from stay.  Aerospace failed to appeal the order granting relief from stay or to obtain a stay of the relief order while awaiting the outcome of this appeal, and the Real Property was sold at foreclosure.  Therefore, Aerospace's actions fit precisely the Fourth Circuit's classic case for equitable mootness of a party requesting to return to the status quo "sit[ting] idly by and permit[ting] intervening events to extinguish old rights and create new ones."  See Mac Panel Co., 283 F.3d at 625 (quoting Cent. States, 841 F.2d at 93).  Instead of making some effort to preserve the status quo, Aerospace stood by while its sole asset was lawfully sold and transferred to JAM.  Looking to another factor, the relief Aerospace requests would not affect the success of the reorganization, because there is no feasible reorganization or liquidation plan Aerospace could utilize now that the Real Property belongs to JAM.  Finally, the relief requested would adversely affect the rights of third parties, particularly Aerospace's creditors, by allowing such a late return to Chapter 11 especially after Aerospace failed to seek a stay of the conversion order.  Therefore, based on the

5

totality of the circumstances including the factors set forth in Mac Panel Co., Aerospace's appeal should be dismissed as equitably moot.

Aerospace has submitted no response opposing Appellee's motion to dismiss the appeal, and current Fourth Circuit law supports Appellee's position. Therefore, this court will grant Appellee's motion on the grounds that Aerospace's appeal is both constitutionally and equitably moot.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss Appeal [15] is granted.

This the 14th day of September 2006.

                                                   /s/ William L. Osteen
                                                   United States District Judge